United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51439
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS CADENA-ROMO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-03-CR-145-1-AML
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Cadena-Romo (Cadena) appeals his conviction by a jury of illegal reentry by an alien following deportation, in violation of 8 U.S.C. § 1326. Cadena argues that the evidence was insufficient to prove that he is an alien. He contends that he has derivative citizenship through his mother who was a United States citizen.

Because Cadena failed to renew his motion for a judgment of acquittal at the close of all of the evidence, his sufficiency challenge is reviewed only for a manifest miscarriage of justice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004). Such a miscarriage of justice occurs when the record is "devoid of evidence of guilt or [when] the evidence [is] so tenuous that a conviction is shocking." Id.

The Government introduced evidence that Cadena was born in Mexico, that he informed a Border Patrol agent at the time of his apprehension that he was a Mexican national, that he had previously filed for an Immigrant Visa, that he had been deported as an alien, and that he waived his right to appeal the deportation order. The only evidence of Cadena's derivative citizenship came from Cadena's testimony, which was inconsistent. This inconsistency provided support for a jury-finding that Cadena was not entitled to derivative citizenship. The jury was free to reject Cadena's testimony regarding his claim to citizenship. See United States v. Runyan, 290 F.3d 223, 240 (5th Cir. 2002).

The record is not devoid of evidence that Cadena is an alien. Cadena's conviction under § 1326 does not constitute a manifest miscarriage of justice. See Avants, 367 F.3d at 449.

Accordingly, the judgment of the district court is AFFIRMED.